IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
FEB 2 4 2020
CLERK, U.S. DISTRICT COURT
By_____
Deputy

| | |
|---|---|
| BRIAN LEE ROGERS, § <br> § <br> Petitioner, § <br> § <br> v. § <br> § <br> LORIE DAVIS, Director, § <br> Texas Department of Criminal § <br> Justice, Correctional § <br> Institutions Division, § <br> § <br> Respondent. § | No. 4:19-CV-132-A |

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Brian Lee Rogers, a state prisoner incarcerated in the Correctional Institutions Division of the Texas Department of Criminal Justice against Lorie Davis, director of that division, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed as time-barred.

**I. Factual and Procedural History**

On August 14, 2015, petitioner entered an open plea of guilty to one count of aggravated sexual assault of a child under 14 years of age in Tarrant County, Texas, Case No. 1377954D, and on January 20, 2016, following preparation of a pre-sentence investigation report, the trial court assessed his punishment at 28 years' confinement. (Clerk's R. 27, 37.) Petitioner appealed

the conviction and assessment of certain court costs, but the appellate court affirmed the trial court's judgment and, on January 11, 2017, the Texas Court of Criminal Appeals refused his petition for discretionary review. (Docket Sheet 1-2.) Petitioner does not indicate that he sought writ of certiorari. (Pet. 3.) Petitioner also filed two state habeas-corpus applications challenging his conviction. The first, filed on December 18, 2017, was dismissed on January 31, 2018, for noncompliance with the state's form requirements.[1] (SHR01[2] 53 & Action Taken.) The second, filed on June 29, 2018, was denied on January 16, 2019, by the Texas Court of Criminal Appeals without written order on the findings of the trial court. (SHR02 42 & Action Taken.) This federal habeas petition challenging his state conviction was filed on February 6, 2019.[3] (Pet. 10.) Respondent asserts that the petition is untimely under the federal statute of limitations and should be dismissed or, in the alternative, denied on the

---

[1] Typically, a pro se prisoner's state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). Petitioner's first state application does not provide the date he placed the document in the prison mailing system; thus, the application is deemed filed on the date it was received and file-marked by the trial court clerk. (SHR01 2.) Petitioner's second state application is deemed filed on the date he signed the "Inmate's Declaration" in the document. (SHR01 42.)

[2] "SHR01" refers to the record of petitioner's state habeas proceeding in WR-87,984-01; "SHR02" refers to the record of his state habeas proceeding in WR-87,984-02.

[3] Likewise, a prisoner's federal habeas petition is deemed filed when placed in the prison mailing system. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

merits. (Resp't's Answer 5-9; Resp't's Supp. Answer 1.)

## II. Statute of Limitations

Title 28, United States Code, § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of–
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgment

3

of conviction became final by the expiration of the time for seeking direct review. Thus, petitioner's conviction became final upon expiration of the time that he had for filing a petition for writ of certiorari in the United States Supreme Court on April 11, 2017. *See Jimenez v. Quarterman,* 565 U.S. 134, 119-20 (2009); Sup. Ct. R. 13. Accordingly, limitations commenced the next day and expired one year later on April 11, 2018, absent any tolling.

Tolling of the limitations period may be appropriate under the statutory-tolling provision in § 2244(d)(2) and/or as a matter equity. Contrary to petitioner's assertion, his first state habeas application dismissed for noncompliance with the state's form requirements was not "properly filed" and does not operate to toll the limitations period under the statutory tolling provision. (Pet'r's Rebuttal 4.) *See Artuz v. Bennett,* 531 U.S. 4, 8 (2000); *Villegas v. Johnson,* 184 F.3d 467, 469-70 (5th Cir. 1999); *Edwards v. Dretke,* 116 Fed. App'x 470, 2004 WL 2278502, at *1 (5th Cir. 2004). Nor does petitioner's second state habeas application filed on June 29, 2018, after limitations had already expired, operate to toll the limitations period under the provision. *Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000). Therefore, his federal petition, filed on February 6, 2019, is untimely unless petitioner can demonstrate that equitable tolling is justified.

Equitable tolling is permitted only in rare and exceptional

4

circumstances when an extraordinary factor beyond a petitioner's control prevents him from filing in a timely manner or he can make a convincing showing that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins,* 569 U.S. 383, 386 (2013); *Holland v. Florida,* 560 U.S. 631, 649 (2010). The petitioner bears the burden to establish that equitable tolling is justified. *See Holland*, 560 U.S. at 649.

Toward that end, petitioner asserts that the Texas Court of Criminal Appeals failed to notify him of the January 31, 2018, dismissal of his first state habeas application and that he did not learn of the dismissal until June 25, 2018. (Pet'r's Rebuttal Ex. G(2).) Late notice of state court rulings can justify equitable tolling in some circumstances if the petitioner "pursued the process with diligence and alacrity." *Phillips v. Donnelly,* 216 F.3d 508, 511 (5th Cir. 2000). A petitioner is required to act with diligence and alacrity *both* during the period allowed for the filing of state post-conviction review proceedings and also after the denial thereof by the state courts. *See Hudson v. Cain,* No. 3:11-CV-531-BAJ-RLB, 2014 WL 3189319, at *7 (M.D. La. July 8, 2014); *Ramos v. Director,* No. 6:09-CV-477, 2010 WL 774986, *4 (E.D. Tex. March 1, 2010); *Gray v. Dretke,* No. 3:04-CV-2295-P, 2005 WL 1630030, at *2 (N.D. Tex. July 7, 2005).

Respondent has presented documentary evidence that

petitioner received six notifications from the Texas Court of Criminal Appeals between January 23, 2018, and June 25, 2018, but acknowledges that she cannot say with certainty when petitioner received notice of the state court's January 31, 2018, dismissal.[4] (Resp't's Resp. to Ct. Order 1 & Ex. B.) Nevertheless, petitioner bears the burden of proof concerning equitable tolling. Furthermore, even assuming petitioner first learned of the state court's dismissal sometime in June 2018,[5] the circumstances of this case do not warrant equitable tolling. Although petitioner arguably acted with diligence and alacrity after his state habeas proceedings were concluded, he waited over eight months after his conviction became final to first pursue post-conviction state habeas relief. And, the consequential delay was caused by his own action in filing a noncompliant state

---

[4]The Texas courts website reflects that copies of "official notices" were sent to petitioner by the Texas Court of Criminal Appeals on January 26, 2018 and January 31, 2018. The January 26 notice informs that "a supplemental clerk's record has been received and presented to the Court." The January 31 notice informs that "[t]he Court has dismissed your application for writ of habeas corpus without written order for non-compliance with Texas Rules of Appellate Procedure 73.1. Specifically, applicant has not completed a proper verification of the prescribed form." See http://txcourts.gov/casesearch (last visited Feb. 24, 2020). The prison mail log reflects that an official notice from the state court was received on February 2, 2018, and delivered to petitioner on February 5, 2018, however it is unknown whether it was the January 26 or the January 31 notice. (Resp't's Resp. to Ct. Order Ex. B.)

[5]The Texas courts website reflects that the Texas Court of Criminal Appeals sent correspondence dated June 13, 2018, to petitioner again informing him that his state habeas application was dismissed as noncompliant on January 31, 2018. See http://txcourts.gov/casesearch (last visited Feb. 24, 2010). Petitioner indicates that he received the notice on June 25, 2018, however the prison mail log reflects that petitioner received correspondence from the state court on June 18, 2018, which was delivered to petitioner on June 20, 2018.

6

habeas application. His remaining reasons for his late filing—his incarceration, indigency, and difficulty obtaining copies and court records—are common problems for inmates seeking post-conviction relief and do not warrant equitable tolling. (Resp't's Rebuttal 16-17.) *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999). There is no evidence in the record that petitioner was prevented in some extraordinary way from asserting his rights in federal court.

Accordingly, petitioner's federal petition was due on April 11, 2017. His petition, filed on February 6, 2019, is therefore untimely.

For the reasons discussed herein,

It is ORDERED that petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed as time-barred. Petitioner has not made a showing that reasonable jurists would question this court's procedural ruling. Therefore, it is further ORDERED that a certificate of appealability be, and is hereby, denied.

SIGNED February 24, 2020.

JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE